# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 15-2569, 16-1017 Columbia Gas v. 76 Acres (Cross Appeal) |
| **Originating No. & Caption** | 1:14 -CV-110-JFM Columbia Gas v. 76 Acres |
| **Originating Court/Agency** | US District Ct. D. MD. |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. §1291 | |
| Time allowed for filing in Court of Appeals | w/30 days after appeal | |
| Date of entry of order or judgment appealed | July 27, 2015 | |
| Date notice of appeal or petition for review filed | December 9, 2015 | |
| If cross appeal, date first appeal filed | Dec. 21, 2015; Dec. 23, 2015 | |
| Date of filing any post-judgment motion | July 31, 2015; Aug. 24, 2015 | |
| Date order entered disposing of any post-judgment motion | Sept. 11, 2015; Nov. 9, 2015 | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ⦿ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | 15-2547, 15-2569, 16-1017 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Columbia Gas Transmission LLC (Columbia) was granted a certificate of public convenience and necessity by the Federal Energy Regulatory Commission to construct and operate a gas transmission pipeline through Baltimore and Harford County Maryland pursuant to Section 7 of the Natural Gas Act, 15 U.S.C. §717f(e). Subsequently, Columbia filed a complaint for condemnation of the subject properties under 15 U.S.C. §717f(g), along with a motion for summary judgment confirming Columbia's substantive right to condemn properties and a motion for injunctive relief under Rule 65 to enable Columbia to take the properties in advance of payment of just compensation. By order dated June 27, 2014, Judge Hollander found that Columbia had a substantive right to condemn the property and asked the parties to brief the issue of appropriate bond. By order dated August 4, 2014, Judge Hollander set bond and granted Columbia immediate entry to the property. The parties challenged the amount of bond ordered as inadequate. which Judge Hollander rejected on September 22, 2014.

For additional nature and disposition of the case, see Docketing Statement filed by Columbia Gas, December 30, 2015.

| **Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary) |
|---|
| Appellees Boyces, Kenney and Boyer jointly filed a cross-appeal of Judge Hollander's order, and raise the following issues therein:<br>1. Did the lower court order granting Columbia immediate access to the subject properties prior to full payment of just compensation violates the separation of powers doctrine and the Fifth Amendment Takings Clause of the United States Constitution?<br>2. Assuming the constitutionality of the lower court's access order, did the lower court's failure to require Columbia to post adequate bond based on the appraised value of the property and to allow landowners to draw down on the balance, without restriction, violate the Fourth Circuit's precedent in Eastern Tennessee Gas v. Sage, 361 F.3d 380 (4th Cir. 2004)?<br>Appellee Kenney files a conditional appeal raising the following issues, which the court need not address if it affirms the judgment.<br>1. Whether the jury award was in error and unsupported by evidence where the jury treated the Kenneys' two properties as a single unit, and failed to complete the verdict sheet for both Kenney properties, Lot 2 and Lot 3?<br>2. Whether the lower court erred in instructing the jury regarding lack of evidence with respect to the damages associated with tree removal on the Kenneys' temporary easements, and denying recovery for the cost of replacement of trees as a component of damages for the temporary easements on the Kenney properties. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.) ||
|---|---|
| Adverse Party: See Docketing Statement filed by Columbia Gas on Dec. 30, 2015 for list of adverse parties, counsel and transcript order.<br>Attorney:<br>Address:<br><br>E-mail:<br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br>E-mail:<br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br>E-mail:<br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br>E-mail:<br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
| --- | --- |
| Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |
| **Appellant (continued)** ||
| Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |

**Signature:** _[signature]_    **Date:** March 17, 2016

**Counsel for:** Boyce, Boyer and Kenney Defendants

**Certificate of Service**: I certify that on March 17, 2016 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
| --- | --- |
| Richard D. Holzheimer <br> McGuire Woods LLP <br> Suite 1800 <br> Tysons Corner, VA 22102 <br> rholzheimer@mcguirewoods.com <br> (703) 712-5087 | Arnold Weiner <br> Rifkin, Weiner, Livingston, Levitan & Silver LLC <br> 2002 Clipper Part Road <br> Suite 108 <br> Baltimore, Maryland 21211 <br> aweiner@rwills.com <br> (410) 769-8080 |

**Signature:** _[signature]_    Date: March 17, 2016