**RECORD NOS. 15-2547(L); 16-1017; 15-2569XAP**

In The
# United States Court of Appeals
### For The Fourth Circuit

## COLUMBIA GAS TRANSMISSION, LLC,

*Plaintiff – Appellant/Cross-Appellee*,

v.

## 76 ACRES, MORE OR LESS, IN BALTIMORE AND HARFORD COUNTIES, MARYLAND; LAMBERT G. BOYCE, JR.; LEDLEY BYRD BOYCE; ROBERT E. BOYER, JR.; MARGARET H. KENNY,

*Defendants – Appellees/Cross-Appellants*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT BALTIMORE

---

**PETITION FOR REHEARING AND REHEARING *EN BANC* FOR LAMBERT G. BOYCE, JR. AND LEDLEY BYRD BOYCE**

---

**Carolyn Elefant**
LAW OFFICES OF CAROLYN ELEFANT PLLC
2200 Pennsylvania Avenue NW, Fourth Floor East
Washington D.C. 20037
(202) 297-6100

*Counsel for Lambert G. Boyce, Jr. and Ledley Byrd Boyce*

**Jeremy P. Hopkins**
CRANFILL SUMNER & HARTZOG
5420 Wade Park Boulevard, Suite 300
Raleigh, North Carolina 27607
(919) 863-8819

*Counsel for Lambert G. Boyce, Jr. and Ledley Byrd Boyce*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

BACKGROUND .......................................................................................................3

ARGUMENT .............................................................................................................4

      I.     COURTS CANNOT AUTHORIZE THE EXERCISE OF EXTRAORDINARY POWERS OF EMINENT DOMAIN THAT CONGRESS HAS SPECIFICALLY WITHHELD ...................4

      II.    THIS IS A CASE OF EXCEPTIONAL PUBLIC IMPORTANCE WARRANTING REHEARING *EN BANC* ...............6

      III.   THE CONSTITUTIONAL ISSUE IS NOT MOOT BECAUSE COLUMBIA'S OWN PLEADING SHOWS IT IS LIKELY TO SUBJECT THE BOYCES TO THE SAME ACTION AGAIN ..........8

CONCLUSION .......................................................................................................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

Page

**CASES**

*Dunn v. Blumstein*,
    405 U.S. 330 (1972)..................................................................................9

*E. Tennessee Nat. Gas Co. v. Sage*,
    361 F.3d 808 (4th Cir. 2004) ...............................................................*passim*

*Honig v. Doe*,
    484 U.S. 305, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988) ..................................9

*Kelo v. City of New London*, *Conn.*,
    545 U.S. 469 (2005).................................................................................2, 7

*Kirby Forest Indus.*, *Inc. v. United States*,
    467 U.S. 1 (1984)......................................................................................4, 5

*Northern Border Pipeline Co. v. 86.72 Acres of Land*,
    144 F.3d 469 (7th Cir. 1998) .............................................................2, 3, 5, 6

*Rindge Co. v. Los Angeles Cty.*,
    262 U.S. 700 (1923)......................................................................................4

*Roe v. Wade*,
    410 U.S. 113 (1973)......................................................................................9

**STATUTE**

40 U.S.C. § 3114 ..............................................................................................5

# PETITION FOR REHEARING EN BANC[1]
## INTRODUCTION

This case involves a fundamental violation of the constitutional separation of powers that will continue indefinitely unless this Court reconsiders the decision *en banc*. The district court in this case authorized Columbia to exercise an extraordinary power of eminent domain that Congress has chosen to withhold from private gas companies. Stating it is "bound" by a prior opinion of this Court and claiming that the issue is now "moot," this Court's decision affirms a direct violation of the constitutional separation of powers.

Columbia's Complaint reveals the issue presented here is capable of repetition while evading review. In its Complaint, Columbia sought the right to "lay additional pipelines" on the Boyces' property at a later date. *See* Joint Appendix at 48, Complaint ¶ 31. However, this proceeding gives Columbia only the right to construct the current pipeline, Line MB. *See* Joint Appendix at 369, Order 6/27/14 at ¶ 8 (limiting Columbia to the rights in the current FERC certificate). Thus, Columbia will have to file another legal

---

[1] This petition for *en banc* review is filed only by Appellees-Cross Appellants Lambert and Ledley Boyce and is not joined by Margaret Kenney or Robert Boyer. This petition seeks review only of this Court's decision on the Boyces' cross appeal in Docket No. 15-2569 (XAP) which challenged the constitutionality of the lower court's grant of immediate possession of the Boyces' property to Columbia Gas. The Boyces do not seek review of this Court's decision in the lead case, Docket No. 15-2547.

1

proceeding against the Boyces when it goes to build the "additional pipelines" on the Boyces' property.

This Court held that it was "bound" by *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808 (4th Cir. 2004) because it is a prior "published opinion" of a three-judge panel of this Court. The *Sage* opinion allows district courts to unilaterally authorize private gas companies to exercise powers of eminent domain Congress specifically chose to withhold from these companies. Allowing district courts to grant legislative powers Congress has chosen to withhold (a) subverts the constitutional separation of powers, (b) violates the principle of judicial restraint in eminent domain matters affirmed in *Kelo v. City of New London, Conn.*, 545 U.S. 469 (2005),[2] and (c) contradicts the Seventh Circuit Court of Appeal's opinion in *Northern*

---

[2] In *Kelo*, 545 U.S. at 469, the Supreme Court announced: "It is not for the courts to oversee the choice of the boundary line nor to sit in review on the size of a particular project area. Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch." Similarly, whether a condemnor may exercise the quick-take power is a question for the legislature, not the courts. The legislature, not courts, determines the manner and mode in which the power of eminent domain is to be exercised. The minute Columbia conceded that Congress had not given it the quick-take power, there should have been no further question for the courts.

2

*Border Pipeline Co. v. 86.72 Acres of Land*, 144 F.3d 469, 471-72 (7th Cir. 1998).[3]

When the district court used its inherent, equitable power to authorize Columbia to take immediate possession of the Boyces' property before Columbia paid the Boyces just compensation, it authorized Columbia to exercise a power of eminent domain Congress has chosen to withhold from private companies. Columbia had to ask the district court for this power precisely because Congress had withheld it.

Until this Court issues an *en banc* opinion overruling *Sage*, this unconstitutional practice will continue, owners will continue to suffer, and gas companies will continue to burden trial courts with requests for powers that Congress has not given them.

## BACKGROUND

Congress has not given private gas companies the quick-take power of eminent domain. This extraordinary power allows condemnors to seize an owner's property before it pays the owner the amount determined to be just compensation for the taking. Precisely because Congress has not given gas

---

[3] In *Northern Border*, 144 F.3d at 471-72, the Seventh Circuit Court of Appeals noted that Congress has granted gas companies only the ordinary power of eminent domain. The court then explained that the gas company's "lack of quick-take authority" meant the gas company had no substantive right to the owner's property until after the "normal eminent domain process" and payment of the amount determined to be just compensation.

3

companies this power, Columbia asked the district court to authorize Columbia to exercise the quick-take power that Congress had withheld from it.

Despite acknowledging that Congress has not granted private gas companies the quick-take power, the district court unilaterally authorized Columbia to seize the Boyce's property before the Boyces received just compensation for the property Columbia took.

## ARGUMENT

**I.   COURTS CANNOT AUTHORIZE THE EXERCISE OF EXTRAORDINARY POWERS OF EMINENT DOMAIN THAT CONGRESS HAS SPECIFICALLY WITHHELD.**

The power of eminent domain resides exclusively in the legislature. *See*, *e.g.*, *Rindge Co. v. Los Angeles Cty.*, 262 U.S. 700, 709 (1923). "The necessity for appropriating private property for public use is not a judicial question. This power resides in the Legislature, and may either be exercised by the Legislature or delegated by it to public officers. . . . the necessity and expediency of the taking may be determined by such agency and *in such mode* as the State may designate." *Id.* (emphasis added).

Congress has granted two distinct powers of eminent domain. *See Kirby Forest Indus.*, *Inc. v. United States*, 467 U.S. 1, 3–6 (1984) (explaining the different powers of eminent domain that are delegated by the

4

legislature). The first power is the ordinary power of eminent domain. *Id.* This power authorizes a condemnor to seize an owner's property only after it pays the owner the amount determined to be just compensation for the property taken. *Id.*

The second power is the quick-take power. *Id.* This additional or extraordinary power authorizes a condemnor to seize an owner's property before it pays the owner the amount determined to be just compensation. *Id.* Importantly, Congress expressly reserved the quick-take power to the federal government. 40 U.S.C. § 3114 (reserving the quick-take power to the "Federal Government").

As Congress has granted private gas companies only the ordinary power of eminent domain, Columbia had no right to seize the Boyce's property until after it paid the Boyce's just compensation. *Northern Border*, 144 F.3d at 471-72. Columbia asked the district court to authorize it to seize the Boyce's property before payment of just compensation precisely because Congress has not granted Columbia this power. Despite the undisputed fact that Congress has not granted gas companies the quick-take power, the district court authorized Columbia to exercise this power and to seize the Boyce's property before payment of just compensation.

5

Footnote 7 of the panel's opinion in this case illuminates the fundamental flaw in *Sage*. There the panel declared that it must follow *Sage* because a prior panel of this Court rejected the principle "that only Congress can grant the right of immediate possession." This logic turns the separation of powers on its head as it allows district court judges to authorize condemnors to exercise the extraordinary quick-take power even when Congress has not authorized it.

If this Court does not reconsider the prior three-judge panel's decision in *Sage*, private gas companies will continue to ask unelected district court judges to give them legislative powers that Congress has specifically withheld. This practice subverts the constitutional separation of powers. It is also contrary to longstanding principles of eminent domain and conflicts with the Seventh Circuit Court of Appeal's opinion in *Northern Border*, 144 F.3d 469, 471-72.

## II. THIS IS A CASE OF EXCEPTIONAL PUBLIC IMPORTANCE WARRANTING REHEARING *EN BANC*.

This Court should also grant rehearing *en banc* because this case raises two issues of exceptional public importance. First, this case concerns the proper role of courts in our constitutional form of government that divides powers among three distinct branches. The district court in this case invoked its "inherent" powers to grant Columbia powers of the legislature

which Congress has specifically chosen to withhold. There is no limit to judicial power of this magnitude.

Second, the district court's actions and this Court's opinion in *Sage* contravene the principles of judicial restraint that apply in eminent domain cases as the United States Supreme Court expressed in *Kelo*. In *Kelo*, the United States Supreme Court affirmed legislative supremacy in determining who can exercise the power of eminent domain and how it can be exercised. Despite an extremely unpopular taking in that case, the Supreme Court affirmed it was a question for the legislature.

Similarly, whether gas companies can exercise the quick-take power to seize an owner's property before payment is a question for the legislature. Until Congress authorizes gas companies to exercise this power, Columbia cannot do so. Columbia, like the owners in *Kelo*, may not like the result. Nevertheless, if Columbia wants such power, it must ask Congress, not district courts.

Unless an *en banc* opinion of this Court overrules *Sage*, this unconstitutional practice will continue to burden owners and courts alike, as private gas companies will continue to seek from district courts the very powers Congress has withheld from them.

7

### III. THE CONSTITUTIONAL ISSUE IS NOT MOOT BECAUSE COLUMBIA'S OWN PLEADING SHOWS IT IS LIKELY TO SUBJECT THE BOYCES TO THE SAME ACTION AGAIN.

Columbia's own pleading shows "there is a reasonable expectation that the same complaining party would be subjected to the same action again." In addition to the pipeline Columbia acquired the right to build on the Boyces' property in this case, Columbia sought the right to "lay additional pipelines" on the Boyces' property in the future. Columbia's Complaint seeks the right to "lay additional pipelines" on the Boyces' property on a later date. *See* Joint Appendix at 48, Complaint ¶ 31.

This proceeding does not give Columbia the right to lay these "additional pipelines" on the Boyces' property as (1) FERC has authorized the construction of Line MB, not other pipelines, and (2) the trial court limited Columbia to the rights in the FERC certificate. *See* Joint Appendix at 369, Order dated 6/27/14 at ¶ 8 (limiting Columbia to the rights authorized in the FERC certificate); *see also* Joint Appendix at 58-59, FERC Certificate issued 11/21/13 at 1-2 (attached to Columbia's Complaint as Exhibit 18).

When Columbia eventually goes to do the "additional pipelines" revealed in its Complaint it will have to get a new certificate from FERC and will have to bring another legal proceeding against the Boyces. Columbia's Complaint seeking the right to "lay additional pipelines" on the Boyces'

8

property demonstrates a reasonable expectation that Columbia will subject the Boyces to the same action again.

Moreover, as long as *Sage* remains "binding," the Boyces face "a real and substantial threat" of having their property seized and destroyed by a private condemnor before they are paid for it. *Honig v. Doe*, 484 U.S. 305, 322, 108 S. Ct. 592, 603, 98 L. Ed. 2d 686 (1988). Columbia or any other private condemnor merely has to ask a district court for authorization, and it can seize the Boyce's property, raze any improvements thereon, and build its project long before the Boyces can ever get an appeal before this Court.

In *Dunn v. Blumstein*, 405 U.S. 330, 333, n.2 (1972), the United States Supreme Court rejected a mootness argument partly because "the laws in question remain[ed] on the books" and consequently posed a threat to Blumstein and other "voters." Similarly, *Sage* remains binding or "on the books" until this Court sitting *en banc* reconsiders it. Lastly, as Columbia's Complaint already sought the right to "lay additional pipelines" on the Boyces' property, it is just as likely that Columbia will lay another pipeline on the Boyces' property as it was that Roe would get pregnant again in *Roe v. Wade*, 410 U.S. 113, 125 (1973).[4]

---

[4] The sweeping rationale in *Sage* applies to all condemnors in all types of eminent domain cases. Under the sweeping rationale in *Sage*, any condemnor to whom Congress has not given the quick-take power must only ask the district court for authorization to exercise this extraordinary power.

9

Unless this Court reconsiders *Sage* now, no owner can get review in this Court before a private condemnor has already seized the owner's property and razed any buildings or improvements that are in the path of its project. The condemnor can start construction the minute the district court gives it possession of the owner's land, but it takes months for an owner to get an appeal to this court. Mootness should not be an impediment to justice when an issue is truly capable of repeating itself before review can be had—especially when the party likely to commit the same action has represented its intent to do so in its pleading.

## CONCLUSION

Until this Court reconsiders *Sage*, gas companies will continue to ask district courts to give them eminent domain powers Congress has withheld. Courts obliging such requests will continue exercising powers belonging to Congress, with no limit to this slippery slope of judicial power.

Meanwhile, owners subject to such judicial action will lose their property in a manner and mode not authorized by Congress. As gas companies are able to immediately seize the owners' property, these owners will not be able to get review in this Court until their property has already been seized and in many instances destroyed. Again, Congress did not authorize gas companies to wield the extraordinary quick-take power of

eminent domain, and district courts cannot invoke "inherent" powers to authorize the exercise of legislative powers Congress has withheld.

Accordingly, the Boyces respectfully suggest that this Court grant rehearing *en banc* to reconsider *Sage*.

Date: July 27, 2017

                         Respectfully Submitted,

By: /s/ Jeremy P. Hopkins
     Jeremy P. Hopkins
     CRANFILL, SUMNER, & HARTZOG LLP
     5420 Wade Park Blvd, Suite 300
     Raleigh, North Carolina  27607
     Tel: (919) 863-8819
     Fax: (919) 863-3528
     Email: jhopkins@cshlaw.com

By: /s/ Carolyn Elefant
     Carolyn Elefant
     LAW OFFICES OF
       CAROLYN ELEFANT, PLLC
     2200 Pennsylvania Avenue N.W.
     Fourth Floor East
     Washington D.C.  20037
     Phone: 202-297-6100
     carolyn@carolynelefant.com

## CERTIFICATE OF COMPLIANCE

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   [ X ] this brief contains [*2,303*] words.

   [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief document complies with the typeface and type style requirements because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: July 27, 2017              /s/ Carolyn Elefant
                                  *Counsel for Appellees/Cross-Appellants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 27th day of July, 2017, I caused this Petition for Rehearing and Rehearing *En Banc* to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

| | |
|---|---|
| Tennille J. Checkovich<br>MCGUIREWOODS, LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, Virginia 23219<br>(804) 775-4758<br><br>*Counsel for Appellant /*<br>*  Cross-Appellee* | Anastasia P. Cordova<br>Richard D. Holzheimer, Jr.<br>MCGUIREWOODS, LLP<br>1750 Tysons Boulevard, Suite 1800<br>Tysons Corner, Virginia 22102<br>(703) 712-5004<br><br>*Counsel for Appellant/*<br>*  Cross-Appellee* |
| Jessica D. Fegan<br>MCGUIREWOODS, LLP<br>2001 K Street, NW, Suite 400<br>Washington, DC 20006<br>(202) 857-1728<br><br>*Counsel for Appellant /*<br>*  Cross-Appellee* | Barry L. Gogel<br>Arnold M. Weiner<br>RIFKIN, WEINER, LIVINGSTON,<br>  LEVITAN & SILVER, LLC<br>2002 Clipper Park Road, Suite 108<br>Baltimore, Maryland 21211<br>(410) 769-8080<br><br>*Counsel for Appellant/*<br>*  Cross-Appellee* |

I further certify that on this 27th day of July, 2017, I caused the required copy of the Petition for Rehearing and Rehearing *En Banc* to be hand filed with the Clerk of the Court.

/s/ Carolyn Elefant
*Counsel for Appellees/Cross-Appellants*